L. Sherman Adams et al., Appellants, v. William J. Stratton, Secretary of State for the State of Illinois, Appellee.

Gen. No. 8,542.

Heard in this court at the October term, 1931. Opinion filed February 15, 1932.

Moses, Kennedy, Stein & Bachrach, Friedman, Atherton, King & Turner and Graham & Graham, for appellants; Percy A. Atherton and Herbert H. Kennedy, of counsel.

Oscar E. Carlstrom, Attorney General, for appellee; B. L. Catron and James W. Gullett, Assistant Attorneys General, of counsel.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

In this case appellants L. Sherman Adams, Ashton L. Carr, Merrill Griswold, and Charles P. Rowley, trustees of the Massachusetts Investors Trust, filed a petition under section 18 of chapter 32 being "An Act relating to the sale or other disposition of securities," Cahill's St. ch. 32, ¶ 271, to review the action of William J. Stratton, Secretary of State, in refusing to list 5,000 shares of beneficial interest in the common law investment trust of which the appellants are trustees, as Class "C" securities under section 6 of the act referred to, Cahill's St. ch. 32, ¶ 259.

The petition avers that the Massachusetts Investors Trust is a common law investment trust organized and existing under and by virtue of the laws of the State of Massachusetts, and having its principal place of business at Boston, Massachusetts; that said trust was

organized on March 21, 1924, under a declaration of trust, a copy of which is attached to said petition; that petitioners are now the acting trustees of said trust; that among the purposes of said trust is the power to buy, sell and invest in stocks, bonds and other types of securities mentioned in said declaration of trust and to make distributions of income and capital gains to its shareholders; that there is no bonded indebtedness or interest bearing obligations outstanding; that there is no class of shares having a preference over any other class; that shares in said trust have been qualified for sale under the securities laws of the States of Massachusetts, New York, Pennsylvania, Indiana, Iowa, Maine, New Hampshire, Rhode Island, Missouri, California, Kansas, Washington, Vermont, Illinois (as in Class "D" securities), Minnesota, Michigan and Wisconsin; that on July 3, 1930, 5,000 shares of said trust were qualified for sale in Illinois as Class "D" securities under the Illinois Securities Law, Cahill's St. ch. 32, ¶ 261; that none of said 5,000 shares have yet been offered for sale or sold within this State; that on December 3, 1930, petitioners presented and tendered to appellee their application or statement to qualify said 5,000 shares for sale in Illinois as Class "C" securities under the Illinois Securities Act. The petition further avers that said application complies with all the provisions of the Illinois Securities Act, and regulations in connection therewith, for the qualification of said 5,000 shares as Class "C" securities for sale in Illinois; that said application or statement, together with the exhibits, correctly sets forth all facts necessary to qualify said shares as Class "C" securities under said act; that on the 14th day of January, 1930, appellee wrongfully and without cause refused to file said application or statement and refused to qualify said 5,000 shares as Class "C" securities for sale in the State of Illinois.

A general demurrer was filed to the petition and sustained by the trial court; and an order was entered dismissing the petition. This appeal is prosecuted by the appellants from the order.

The appellants contend on appeal that the trial court erred in sustaining the demurrer of appellee to their petition; and in holding that the 5,000 certificates or shares of beneficial interest in Massachusetts Investors Trust, a common law investment trust, could not be qualified as Class "C" securities under the Securities Act.

The only question presented for consideration of this court in review is whether or not certificates or shares of beneficial interest in a common law investment trust can be qualified and listed as Class "C" securities under section 6 of the act referred to. Section 6 provides that securities in Class "C" shall comprise the following:

"Those issued by a person, corporation, firm, trust, partnership or association owning a property, business or industry which has been in continuous operation not less than two years and which has shown during a period of not less than two years prior to the filing of the statement herein provided for, average annual net profits, exclusive of all prior charges, as follows:

"(1) In the case of interest bearing securities, not less than one and one-half times the annual interest charge thereon and upon all other outstanding interest bearing obligations of equal rank;

"(2) In the case of preferred stock, not less than one and one-half times the annual dividend on such preferred stock and on all other outstanding stock of equal rank;

"(3) In the case of common stock, not less than 3 per cent per annum upon such common stock, (or in the case of common stock of no par value, upon the

price at which the same is, or is to be offered), and on all other outstanding common stock." Cahill's St. 1929, ch. 32, ¶ 259.

The question presented for review is narrowed down to a determination of the meaning of the words: "Common Stock" in paragraph 3 of section 6 above set forth. The appellants contend that this section should be given a broad and liberal construction; and that giving it such a construction, the words "Common Stock" as used in the paragraph mentioned should include the certificates or shares issued by the common law investment trust; and that such was the intention of the legislature by the use of the words referred to. The trial court held that the words "Common Stock" as used in the act did not include certificates or shares of beneficial interest in a common law trust organization; and were not intended by the legislature to include them; but that they referred to the shares of capital stock of a legally organized corporation.

It is well settled and not disputed that words used in the enactment of a statute should be held to have the usual, ordinary and generally understood meaning. *People v. Belt,* 271 Ill. 342. Applying this rule as a test of what the term "Common Stock" means, concerning the matters in controversy, it is evident that the usual, the ordinarily and generally accepted meaning of "Common Stock," especially when used in connection with the term "Preferred Stock" as in the section referred to, means stock representing shares in the capital as well as the profits of a legally organized corporation. That this is the meaning of "Common Stock" is also emphasized by the fact that a purchase of "Common Stock" as an investment differs materially in its legal status and its financial potentiality from the purchase of shares which merely give the purchaser a right to participate in profits which may accrue to the purchaser from the operation of a trust

Moreover there is nothing in the Securities Act or in the section referred to from which the inference could be reasonably drawn that the term "Common Stock" as used in the section has any other wider or different meaning than that which is usually and generally accepted when used in the statute. We conclude, therefore, that the court did not err in sustaining the demurrer to appellant's petition, and dismissing it; and the order and judgment is therefore affirmed.

*Judgment affirmed.*